UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN LLOYD JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LIBERTY MUTUAL, et al.,<br><br>　　　　　　Defendants. | No. 2:19-cv-02049-MCE-KJN (PS)<br><br>ORDER ON PLAINTIFF'S <u>MOTION FOR CONTINUANCE AND MOTION TO COMPEL DISCOVERY</u><br><br>(ECF Nos. 19, 20) |

The present actions arise from a dispute between Plaintiff and his insurer, Defendant Liberty Mutual, and two claims adjusters, Defendants Amber Cruz and Stephen Tognetti. Currently pending before Court are Defendants' motion to strike or dismiss the first amended complaint currently set for a December 19, 2019 hearing (ECF No. 15), and Plaintiff's motion to amend to file a second amended complaint set for hearing on January 16, 2020 (ECF Nos. 16, 18).

Ancillary to these motions, Plaintiff has requested the hearing on Defendant's motion to strike or dismiss be continued to January 16, 2020. (ECF No. 19.) In the interests of judicial economy, the Court grants Plaintiff's request. The response deadlines are adjusted accordingly. <u>See</u> Local Rule 230.

Plaintiff also requests the Court order Defendants to respond to his discovery requests. (ECF No 20.) In his motion, Plaintiff asserts he has requested production of certain documents

from Liberty Mutual, including his policy language and other account–related documents. Under Federal Rule of Civil Procedure 26(d), discovery prior to the Rule 26(f) conference is allowed "when authorized by these rules," which includes early document production under Rule 34. However, Rule 34 sets Defendants' response time for Plaintiff's document production requests. The Rule states that the responding party "must respond in writing within 30 days after being served or -- **if the request was delivered under Rule 26(d)(2) -- within 30 days after the parties' first Rule 26(f) conference.**" Fed. R. Civ. P. 34(b)(2)(a) (emphasis added). Here, the parties have yet to conduct their Rule 26(f) conference, which would come after the pleadings stage—i.e. after the resolution of Defendants' motion to strike/dismiss and Plaintiff's motion to amend. Thus, Plaintiff's request for discovery is premature, and is denied without prejudice.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a continuance (ECF No. 19) is GRANTED;
2. The hearing on Defendants' motion to strike/dismiss is RESET to January 16, 2020, at 10:00 a.m., in Courtroom 25;
3. Plaintiff's response to Defendants' motion to strike/dismiss is now due by January 2, 2020, with Defendants' reply (if any) due by January 9, 2020; and
4. Plaintiff's motion for discovery (ECF No. 20) is DENIED WITHOUT PREJUDICE.

Dated: December 3, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone.2049