1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DYLAN LLOYD JONES,                    No. 2:19-cv-02049-MCE-KJN (PS)

12              Plaintiff,                 FINDINGS AND RECOMMENDATIONS ON
                                           DEFENDANTS' MOTION TO DISMISS
13        v.                               AND PLAINTIFF'S MOTION FOR
                                           LEAVE TO AMEND
14   LIBERTY MUTUAL, et al.,
                                           (ECF Nos. 15, 16)
15              Defendants.

16

17          This case concerns a dispute between Plaintiff and his insurer, Liberty Mutual, as well as

18   two claims adjusters, Amber Cruz and Stephen Tognetti (collectively, "Defendants"). Plaintiff

19   asserts Defendants failed to pay the full amount owed to him related to a 2014 claim for stolen

20   property (ECF Nos. 7, 12, 13), and then improperly filed a temporary restraining order against

21   him when he attempted to pursue reimbursement (ECF No. 16). Defendants have moved to

22   dismiss the contract claims as time–barred, and assert Plaintiff's claims concerning a temporary

23   restraining order ("TRO") are barred by California's Anti–SLAPP laws.[1]

24          For the reasons that follow, the Court recommends Defendants' motion to dismiss (ECF

25   No. 15) be GRANTED. Further, given the futility of the claims asserted in Plaintiff's proposed

26   second amended complaint (ECF No. 16), Plaintiff's motion to amend should be DENIED.

27   _____

28   [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21). Pursuant to
     Local Rule 230(g), the Court resolves this motion on the papers without oral argument.

                                                  1

## **Procedural History and Brief Factual Background**

Plaintiff filed three separate lawsuits against each Defendant in Sacramento County Superior Court, and Defendants removed each action to this Court. (See, generally, ECF No. 1 in Case Nos. 2:19-cv-02049-MCE-KJN (PS), 2:19-cv-02050-MCE-KJN (PS), and 2:19-cv-02051-MCE-KJN (PS).) The District Judge consolidated the cases. (See ECF NO. 9 in Case No. 2:19-cv-02049-MCE-KJN.) On October 29, 2019, Plaintiff filed a first amended complaint ("1AC") against each Defendant. (ECF Nos. 7, 12, 13.[2]) On November 12, 2019, Plaintiff moved for leave to file a second amended complaint ("2AC"). (ECF No. 16.)

In the 1AC, Plaintiff principally alleges that Liberty Mutual failed to pay him his full policy limit on a 2014 claim for stolen property. (ECF No. 7 at 1:16–19.) He asserts claims for breach of contract, breach of the implied obligation of good faith and fair dealing, failure to properly investigate his claim, and breach of duty to inform insured of rights. (See, generally, ECF No. 7.) Defendants moved to dismiss these claims for failure to state a claim upon which relief may be granted.

In his proposed second amended complaint ("2AC"), Plaintiff asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), improper use of judicial proceedings, and violation of his freedom of speech. (See, generally, ECF No. 16.) Plaintiff reiterates his previous allegations regarding Defendants' failure to pay him his full policy limits on his claim, (Id. at 2:10–18.), and also alleges that Defendants obtained a "workplace temporary restraining order" ("TRO") against him by means of "fraud." (Id. at 1:19–21.) Specifically, Plaintiff alleges that Defendants lied in their application for the TRO by representing that Plaintiff was "paid in full" for his claim, and that he only continued contacting Defendants to harass them. (Id. at 4:11–18.) Plaintiff also alleges that Defendants submitted to the court certain emails sent by him out of context. (Id. at 4:20–5:1.) Plaintiff is currently serving a ten-year prison sentence for violating the TRO. (ECF No. 1 at 2:4–27.) Defendants oppose amendment, and moved to strike any portion of the 1AC concerning the TRO, per California's Anti–SLAPP laws. (ECF No. 15.)

---

[2] The amended complaints were filed in all three actions prior to the consolidation order, and are identical. For simplicity, the Court will cite to ECF No. 7 in the 19–2049 action only.

## I.    Defendants' Motion to Dismiss Plaintiff's Four Contract Claims

### Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). When a court considers whether a complaint states a claim upon which relief may be granted, all well-pled factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

///

**Analysis**

Plaintiff's four claims in the 1AC are rooted in the law of contracts, and Defendant has moved to dismiss Plaintiff's claims as barred by the statute of limitations. Because these actions are governed by California law, the Court looks to California's statute of limitations for the applicable time period. See Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1137 (9th Cir. 1998) (analyzing the motion to dismiss of a plaintiff's insurance–related claims under California's statute of limitations).

### A. Breach of Contract

In California, there is a four-year statute of limitations governing breach of contract actions. See Cal. Code. Civ. Proc. § 337. Further, "[a] cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running." Bjorklund v. North American Companies for Life and Health Ins., 72 Fed. Appx. 550, 551 (9th Cir. 2003) (citing Cochran v. Cochran, 56 Cal. App. 4th 1115, 1120 (1997)).

Here, Plaintiff alleges that Defendants "thoroughly investigated and concluded" his claim for stolen property in 2014, and that the investigator determined Plaintiff was entitled to recover his "full policy limits." (ECF No. 7 at 3:4–6.) He further alleges that in August 2014, he received a final check for his claim that was $29,000 short of what he was owed. (Id. at 3:6–8.) Therefore, Defendants' alleged breach—the failure to pay Plaintiff his full policy limits—occurred in August 2014. See Solomon, 151 F.3d at 1138 (finding the date of accrual for California's statute of limitations to be the day plaintiff "knew the facts underlying his cause of action.") Here, Plaintiff filed these actions against Defendants in the summer of 2019—nearly five years after the breach. (ECF No. 1 at 3:14–15; 4:3.) Therefore, Plaintiff's breach of contract claim is time-barred and should be dismissed with prejudice. Chang v. Citigroup Inc., 2010 WL 520511, at *5 (N.D. Cal. Feb. 6, 2010) (dismissing time-barred action with prejudice because "[g]ranting defendants' motion with leave to amend would be futile."); Joseph v. Kaye, 2016 WL 3677142, at *9–10 (C.D. Cal. July 7, 2016), (dismissing without leave to amend because action barred by, among other things, statute of limitations) (aff'd, 692 F. App'x 370 (9th Cir. 2017)).

///

## B. Plaintiff's Three Remaining Contract Claims

All contracts contain an implied covenant of good faith and fair dealing. <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136, 1147 (1990). In insurance contracts, this covenant includes a duty to properly investigate a claim and a duty to inform the insured of his or her rights under the policy. <u>See</u> <u>Egan v. Mutual of Omaha Ins. Co.</u>, 24 Cal. 3d 809, 817 (1979) (holding "that an insurer may breach the covenant of good faith and fair dealing when it fails to properly investigate its insured's claim"); <u>Chase v. Blue Cross of California</u>, 42 Cal. App. 4th 1142, 1151–52 (1996) ("Part of [the covenant of good faith and fair dealing] is the duty to reasonably inform an insured of the insured's rights and obligations under the insurance policy." (quotation marks and citation omitted)). Thus, Plaintiffs third and fourth claims are subsumed by his action for breach of the implied covenant of good faith and fair dealing.

In California, there is a two-year statute of limitations that governs actions for breach of the implied covenant of good faith and fair dealing. <u>See</u> Cal. Code Civ. Proc. § 339(1); <u>IV Solutions, Inc. v. United Healthcare</u>, 2015 WL 4127823, at * 2 (C.D. Cal. July 5, 2015) ("[c]laims for . . . breach of the covenant of good faith and fair dealing . . . must be filed within two years of the time of accrual"); <u>Blue Shield of California Life & Health Ins. Co. v. Superior Court</u>, 192 Cal. App. 4th 727, 737 (2011) ("Tort actions for breach of the implied covenant are now considered to be on the policy so long as their essential aim is the recovery of benefits that were owed under the policy."). Here, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing reiterates previous allegations about "the delay of payment" of the remainder of Plaintiff's policy limits. (ECF No. 7 at 4:3–10.) His claim for failure to properly investigate his claim also concerns Defendant's "9 month investigation [of his claim] which was unfair" because Plaintiff allegedly complied with Defendant's requests during the investigation. (<u>Id.</u> at 4:23–27.) Plaintiff's claim for breach of duty to inform insured of insured's rights under the policy similarly concerns Defendant's failure to pay him his full policy limits at the close of the 2014 investigation. (<u>Id.</u> at 5:2–13.) As previously discussed, the alleged breach of these duties occurred in August 2014 when Defendants declined to pay Plaintiff his full policy limits on a claim for stolen property. Therefore, when Plaintiff brought suit in 2019, his claim for breach of

5

the implied covenant of good faith and fair dealing was nearly three years late. Accordingly, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing are time barred and should be dismissed with prejudice. See Chang, 2010 WL 520511, at *5; Joseph, 2016 WL 3677142, at *9–10.

### C. Potential Remaining Claims in the First Amended Complaint

At times in the 1AC, Plaintiff refers to Defendants' actions taken in applying for and enforcing a TRO against him. Given liberal construction the Court affords pro se plaintiffs and the fact that Defendants move to strike any mention of the TRO in the instant filing (ECF No. 15), the Court will address the issue. However, the Court believes it is more expedient to treat this issue under Plaintiff's motion to amend, as the proposed 2AC more clearly asserts the issue.

## II.     Plaintiff's Motion for Leave to File a Second Amended Complaint

On November 12, 2019, Plaintiff filed a motion to file a second amended complaint. (ECF No. 16.) After Plaintiff properly noticed the motion for a hearing pursuant to Local Rule 230(b), the Court took Plaintiff's motion under submission without a hearing.[3] (ECF No. 23.)

After the first amended pleading of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). However, leave to amend may be denied when any of the following factors are at play: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether there has been previous amendment. See also United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).

A plaintiff's proposed amendments are futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007); see also Unispec Dev. Corp. v. Harwood K. Smith & Partners, 124 F.R.D. 211, 213 (D. Ariz. 1988) ("If the proposed amendment would eventually be subject to . . . a motion to strike[] under Rule 12(f), it would be

---

[3] Plaintiff subsequently appealed the Court's decision to take the motion under submission. (ECF No. 26.) The Ninth Circuit dismissed this appeal for lack of a final appealable order. (ECF No. 31.)

an empty gesture for a court to allow such an amendment when the objecting party could eventually make a formal motion . . . strike after leave to amend was granted." (citing <u>Gabrielson v. Montgomery Ward & Co.</u>, 785 F.2d 762, 766 (9th Cir. 1986); <u>Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Bd. of Culinary Workers</u>, 542 F.2d 1076, 1085 (9th Cir. 1976). "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure." <u>Karol v. Med-Trans</u>, 2012 WL 3862148, at *4 (E.D. Cal. Sept. 5, 2012) (citing <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988)). Therefore, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim." <u>Id.</u>

For the reasons that follow, the Court finds: (A) Plaintiff's claims for improper use of judicial proceedings and violation of first amendment rights would be subject to strike under California's Anti–SLAPP laws;[4] and (B) his FDCPA claim would be subject to dismissal. Therefore, amendment of Plaintiff's complaint to add these claims would be futile.

### A. "Improper Use of Judicial Proceedings" and "First Amendment" Claims

The California Legislature enacted its anti-SLAPP[5] statute due to "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech." Cal. Code. Civ. Proc. § 425.16(a). The statute provides that any claim "against a person arising from an act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike." Cal. Code. Civ. Proc. § 425.16(b)(1). "Generally, a party may bring an anti-SLAPP special motion to strike in federal court." <u>Planned Parenthood v Center for Medical Progress</u>, 890 F.3d 828, 834 (9th Cir. 2018) ("[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider

---

[4] In prior versions of his complaint, Plaintiff raised similar claims based on the same set of facts. Defendants filed motions to strike each of these claims. (<u>See</u> ECF Nos. 4, 15.)

[5] "SLAPP" stands for "Strategic Lawsuit Against Public Participation." <u>See</u> <u>Mindy's Cosmetics, Inc. v. Dakar</u>, 611 F.3d 590, 595 (9th Cir. 2010).

whether a claim is properly stated."); see also Berman v. McManus, 2011 WL 2144411, at *8

(E.D. Cal. May 31, 2011) (citing Thomas v. Fry's Elecs., Inc., 400 F.3d 1206 (9th Cir. 2005)).

A defendant will thus succeed on an anti-SLAPP motion if (1) the defendant shows that

the lawsuit arises from an action taken "in furtherance of the defendant's rights of petition or free

speech"; and (2) the plaintiff fails to show that there is a probability he will prevail on his claim.

Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1110 (9th Cir. 2003) (citations omitted).

**1. Act in Furtherance of Rights of Petition or Free Speech**

A successful anti-SLAPP motion first requires "a prima facie showing that the plaintiff's

suit arises from an act in furtherance of the defendant's constitutional right to free speech."

Makaeff v. Trump University, LLC, 715 F.3d 254, 261 (9th Cir. 2013). Such an act may include

"any written or oral statement made before a . . . judicial proceeding," or "in connection with an

issue under consideration or review by a . . . judicial body." Cal. Civ. Proc. § 425.16(e)(1)–(2).

Civil harassment restraining orders and "workplace violence petitions . . . are subject to motions

to strike" under California's anti-SLAPP statute. City of Los Angeles v. Animal Defense League,

135 Cal. App. 4th 606, 617 (2006) (disapproved of on other grounds in City of Montebello v.

Vasquez, 1 Cal. 5th 409 (2016)).

Here, Plaintiff alleges claims for improper use of judicial proceedings and violation of his

right to free speech. (See generally ECF No. 16.) He essentially argues that Defendants misled

the California superior court in filing the TRO. Specifically, he alleges that Defendants falsely

represented that Plaintiff was paid in full for his insurance claim, and presented Plaintiff's emails

and social media posts out of context. (See, e.g., Id. at 4:3–5:1;7:5–25.) Therefore, the act

primarily contested by Plaintiff is Defendants' filing of the TRO. See United Tactical Systems,

LLC v. Real Action Paintball, Inc., 143 F. Supp. 3d 982, 1109–10 (N.D. Cal. 2015) (holding that

lawsuit alleging defendants "committed wrongdoing by (a) 'purposefully fil[ing] . . . motions for

a TRO and preliminary injunction'" arose from defendants' participation in protected activities.

(citation omitted)); Paiva v. Nichols, 168 Cal. App. 4th 1007, 1011, 1017 (2008) (holding that "it

is beyond question that the initiation and prosecution" of TRO and preliminary injunction for

trespass is protected activity); see also Medina Puerta v. Feinberg, Mindel & Kline, LLP, 2005

8

WL 981661 at *4 (Cal. App. April 28, 2005) (finding plaintiff could not "defeat the anti-SLAPP statute" because complaint was "'based on' [defendant's] protected activity of obtaining the TRO and stipulation. (citation omitted)). Therefore, Defendants have satisfied the first element, as their act is firmly rooted in their right to petition the courts.[6]

## 2. Probability of Plaintiff's Success

After a defendant shows that the plaintiff's claim concerns "an act in furtherance of protected expression . . . the plaintiff must show a 'reasonable probability' of prevailing in its claims." Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001). To meet this burden, "the plaintiff must demonstrate that 'the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment." Id. (quotation marks and citation omitted). An "anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for his or her claims." Id.; see also Appel v. Wolf, 2018 WL 6726797, at *2 (S.D. Cal. Dec. 20, 2018). Defendants argue that California's litigation privilege prevents Plaintiff from ultimately prevailing on his claims. (ECF No. 15-1 at 9.)

California's litigation privilege "'applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action.'" Action Apartment Assn., Inc. v. City of Santa Monica, 41 Cal. 4th 1232, 1241 (2007) (quoting Silberg v. Anderson, 50 Cal. 3d 205, 216 (1990)). The privilege "immunize[s] defendants from tort liability based on theories of [e.g.] abuse of process . . . and fraud." Id.; see also Loop Al Labs Inc v. Gatti, 2015 WL 5158458, at *3 (N.D. Cal. Sept. 2, 2015) ("Courts have applied the litigation privilege to all tort claims, with the exception of malicious prosecution.") (citing Edwards v. Centex, 53 Cal. App. 4th 15, 29 (1997)). Moreover, the privilege "'encompasses not only testimony in court and statements made in pleadings, but also statements made prior to the

---

[6] Defendants need not demonstrate that their protected speech activity was made in connection with the public interest. See Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th 1106, 1123 (1999) (holding that anti-SLAPP motions brought "to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding need *not* separately demonstrate that the statement concerned an issue of public significance." (emphasis original)).

filing of a lawsuit,'" including "'preparation for anticipated litigation.'" <u>March v. Twin Cities</u> <u>Police Authority</u>, 2014 WL 3725931, at *11 (N.D. Cal. July 25, 2014) (citing <u>Silberg</u>, 50 Cal. 3d at 212). "The litigation privilege is also relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." <u>Flatley v. Mauro</u>, 39 Cal. 4th 299, 323 (2006) (citing <u>Kashian v. Harriman</u>, 98 Cal. App. 4th 892, 926–27 (2002); <u>Dove Audio, Inc. v. Rosenfeld, Meyer & Susman</u>, 47 Cal. App. 4th 777, 783–85 (1996)).

As discussed above, Plaintiff's claims for improper use of judicial proceedings and violation of his right to free speech hinge on representations that Defendants made in pursuing the TRO.  (<u>See</u> ECF No. 16.)  Therefore, Plaintiff's claims are barred by California's litigation privilege.  <u>See March</u>, 2014 WL 3725931, at *11 (holding that plaintiff's claims, which were "based on [defendants'] . . . preparation, initiation, and prosecution of a work place violence restraining order against plaintiff" were barred by litigation privilege).  Thus, Plaintiff has failed to meet his burden under the second prong of California's anti-SLAPP statute, and so his claims are subject to a special motion to strike.  <u>See</u> Cal. Code. Civ. Proc. § 425.16 (b)(1).

Given this context, granting Plaintiff leave to assert these claims in an amended complaint would be futile.  <u>See</u> <u>Flores v. Emerich & Fike</u>, 2006 WL 2536615, at *10 (E.D. Cal. Aug. 31, 2006) ("To allow amendment after an anti-SLAPP motion to strike has been granted eviscerates the purpose of the anti-SLAPP statute").  Accordingly, the Court recommends denying Plaintiff's motion to amend his complaint to include claims for improper use of judicial proceedings and violation of Plaintiff's right to free speech.

## B.  Claim under the Fair Debt Collection Practices Act ("FDCPA")

The FDCPA was passed "to eliminate abusive debt collection practices by *debt collectors*." 15 U.S.C. § 1692(e) (emphasis added).  The FDCPA further defines debt collectors as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). To properly state a claim under the FDCPA, a plaintiff must allege:

(1) **the plaintiff is a 'consumer'** under 15 U.S.C. § 1692a(3);
(2) the debt arises out of a transaction entered into for personal purposes;
(3) **the defendant is a 'debt collector'** under 15 U.S.C. § 1692a(6); and
(4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o.

Wheeler v. Premiere Credit of North America, LLC, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015)

(emphasis added) (citing Turner v. Cook, 362 F.3d 1219, 1226–27 (9th Cir. 2004)).

In his motion to file the 2AC, Plaintiff includes a claim for violation of the FDCPA. (ECF No. 16 at 3:1–20.) As far as the Court can tell, Plaintiff solely alleges that Defendants owe him a "debt," as defined by the FDCPA, which renders him a "debt collector." (Id.) However, the FDCPA does not provide causes of action for debt collectors; rather, it provides an avenue for consumers, i.e., those who owe a debt, to sue their debt collectors. See 15 U.S.C. § 1692a(3); Wheeler, 80 F. Supp. 3d at 1112. Further, Plaintiff's entire action is based on Defendants' alleged failure to pay him his full policy limit on an insurance claim. Thus, the court can envision no amendment that would render Plaintiff a consumer or Defendants debt collectors under the FDCPA.

Plaintiff also cites to California's version of the FDCPA, Cal. Civ. Code § 1788.2(c), to support this "debt collection" claim. (ECF No. 16 at 3:14–20.) Although California's version of the statute "require[s] debtors to act fairly in entering into and honoring . . . debts," and sets forth certain debtor responsibilities, it does not provide debt collectors a right of action against debtors. § 1788.1(b); see also §§ 1788.20–22. Instead, California's FDCPA provides debt collectors an affirmative defense when a plaintiff debtor engages in "intentional violation of the provisions of this title." Cal. Civ. Code. § 1788.30. Therefore, Plaintiff's claim under Section 1788.2 is similarly defunct. See Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (dismissing Plaintiffs' claim for violation of California's FDCPA because "plaintiffs do not allege that [defendant] is a debt collector or that [defendant] was in fact attempting to collect a debt").

Accordingly, amendment of Plaintiff's complaint to include a FDCPA claim under either federal or state law would be futile, and so Plaintiff's motion to amend should be denied.

11

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be GRANTED, Plaintiff's Contract claims in the First Amended Complaint be DISMISSED WITH PREJUDICE, and to the extent the First Amended Complaint asserts claims regarding the Superior–Court–TRO, Defendants' Motion to Strike be GRANTED (ECF No. 15);

2. Plaintiff's Motion(s) to Amend his Complaint (ECF Nos. 16, 18) be DENIED; and

3. The Clerk of the Court be directed to CLOSE this case.

## ORDER

In light of the above recommendations, it is also ORDERED that:

1. All pending hearing dates are VACATED;

2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations (other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the Court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1