1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DYLAN LLOYD JONES,                         No. 2:19-cv-02049-MCE-KJN

12              Plaintiff,                       **ORDER**

13        v.

14   LIBERTY MUTUAL, et al.,

15              Defendants.

16

17        Plaintiff Dylan Lloyd Jones ("Plaintiff"), a state prisoner proceeding *pro se*, brings the

18   instant action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

19   § 636(b)(1)(B) and Local Rule 302.

20        On January 30, 2020, the magistrate judge filed findings and recommendations which

21   were served on the parties and which contained notice to the parties that any objections to the

22   findings and recommendations were to be filed within fourteen (14) days.  (ECF No. 32.)  On

23   February 10, 2020, Plaintiff filed Objections to the Findings and Recommendations.  (ECF No.

24   33.)  On February 21, 2020, Defendants filed a Reply to Plaintiff's objections.  (ECF No. 35.)

25   ///

26   ///

27   ///

28   ///

                                              1

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Plaintiff objects to the finding that his breach of contract claims are barred by the statute of limitations and should be dismissed with prejudice. He argues his claims accrued in 2018, not 2014 as discussed in the Findings and Recommendations. (ECF No. 33.) Plaintiff's argument is unavailing. Plaintiff unambiguously alleges facts in his First Amended Complaint showing that his breach of contract claims originated in 2014. Plaintiff may not amend his complaint to directly contradict his prior allegations in order to survive a statute of limitations bar. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014). Consequently, leave to amend would be futile. The Court finds Plaintiff's remaining objections are conclusory and without merit. Therefore, Plaintiff's objections are overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (ECF No. 32) are adopted in full;

2. Defendants' Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint (ECF No. 15) is GRANTED as follows:

   a. Plaintiff's contract claims in the First Amended Complaint (ECF No. 13) are DISMISSED, with prejudice; and

   b. To the extent the First Amended Complaint asserts claims regarding the Superior Court TRO, Defendants' Motion to Strike is GRANTED;

3.  Plaintiff's Motions to Amend the Complaint (ECF Nos. 16, 18) are DENIED; and

4.  The Clerk of the Court is directed to close this case.

    IT IS SO ORDERED.

DATED:  April 7, 2020

Troy L. Nunley
United States District Judge